No. 401

SELI v. KLAGES COAL & ICE CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 896. Decided Feb. 16, 1925.

751. MASTER AND SERVANT—1. Whether or not the servant was acting for the master, in the prosecution of master's business, and within scope of his employment, is a question of fact for the jury.

2. Statement of vicious nature of servant stricken out because not complete.

FUNK, J.

George Seli brought an action against the Klages Coal and Ice Co. for injuries received by reason of being struck with ice tongs by an employe of the company. The judgment of the Summit Common Pleas was in favor of the company. Error was prosecuted and judgment is asked to be reversed because the lower court struck certain allegations from the original petition. Seli claims the court also erred in sustaining a general demurrer to his third amended petition.

It is contended that the Court struck out an allegation that the employe was of a vicious nature, and that it sustained a demurrer to an allegation that Seli was struck while the servant was within the scope of his master's employ. The Court of Appeals held:

1. Striking the statement alleging vicious nature of servant, from petition was not error, as it did not state all the allegations essential to make them relevant and material.

2. Sustaining a demurrer to the allegation in the amended petition was error, as a good cause of action was stated and the essence of the allegation, being a question of fact, was a question for the jury to determine. Judgment reversed and cause remanded.

Attorneys—May & May, for Seli, Seiber, Seiber & Amer, for Company; all of Akron.

---

No. 402

STERLING v. CYGNET SAVINGS BANK

Ohio Appeals, 6th Dist., Wood Co

No. 343. Decided March 9, 1925.

315. COSTS—Costs are properly assessed against parties wrongfully bringing attachment suits.

RICHARDS, J.

Frank Sterling and F. Bosler brought several attachment suits before a justice of the peace in an attempt to reach by garnishee process a cashier's check issued by the Cygnet Savings Bank to one, Charles Sheets. Sheets had already transferred the check to the Wood County Savings Bank. Garnishee process was served upon the Cygnet Bank while it could have properly gone into the several attachment suits and filed an affidavit of interpleader.

The Cygnet Bank brought a separate action in the Wood common pleas and offered to pay the check to whomsoever should be found entitled to it. The trial court found and adjudged that the check was payable to the Woods County Savings Bank, and Sterling and Bosler was ordered to pay costs. Error was prosecuted and the court of appeals held:

The costs were properly adjudicated against Sterling and Bosler, because they wrongfully brought the attachments and rendered the litigation necessary.

Judgment of lower court affirmed.

Attorneys—Earl D. Bloom for Sterling et; E. K. Solether and N. R. Harrington for Bank; all of Bowling Green.